UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH BRUECKNER<br><br>    Plaintiff,<br><br>  v.<br><br>YOU CAN BEAM LLC,<br><br>    Defendant. | Civ. No.<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

  Josh Brueckner, by his attorneys, Giskan Solotaroff & Anderson LLP, as and for his complaint against Defendant You Can Beam LLC, ("Beam") alleges as follows:

**Nature of the Action and Preliminary Statement**

  1. This is an action, filed under the diversity jurisdiction of the Court, for breach of contract and unauthorized use of picture in violation of New York Civil Rights Law §51.

  2. Defendant Beam contracted with Mr. Brueckner, a MMA fighter and social media influencer, to promote its products to his social media followers. The agreement provided for a minimum term of six months and a 30-day notice period before it could be terminated and a monthly payment of $15,000. After making one month's payment, however, Beam breached the agreement by terminating it without cause, telling Mr. Brueckner that it could not continue to make payments because of the Coronavirus situation.

  3. After being contacted by Mr. Brueckner's counsel, Beam attempted to manufacture good cause for termination by claiming it had sent Mr. Brueckner notice of his

breach of the agreement. However, the notice was not received by Mr. Brueckner and appears to have been created after the fact to justify the termination.

4. Beam owes Mr. Brueckner $90,000.

5. In addition, even after terminating the agreement and refusing to pay Mr. Brueckner, Beam continued to prominently display Mr. Brueckner's photograph on its website without his permission and in violation of New York Civil Rights Law §51.

## THE PARTIES

6. Josh Brueckner is domiciled in Romeo, Michigan.

7. Defendant You Can Beam LLC is a limited liability corporation with its principal place of business in New York, New York. On information and belief, the members of Beam are Russell Saks, Michael Yewdell and Tarun Singh, who, on information and belief, are all domiciled in New York and who are not, in any event domiciled in Michigan.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.  This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in New York and conducts business in New York.

9. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as the Defendant is domiciled in this district and the contract at issue requires claims under it to be brought in courts in this district.

## THE FACTS

10. Mr. Brueckner is a professional Mixed Martial Arts fighter and personal trainer. He is also a social media personality with over 2,000,000 followers on YouTube and 500,000 followers on Instagram. Various companies contract with Mr. Brueckner to promote their products to his followers.

11. On December 19, 2019, Mr. Brueckner signed an Independent Contractor Agreement ("Agreement") that was prepared by Beam.

12. The Agreement provided that in exchange for a monthly payment of $15,000, Mr. Brueckner would engage in specific promotional activities including Instagram posts and YouTube videos. The Agreement also provided that Mr. Brueckner consented to the Beam's use of his likeness during its term.

13. The Agreement provided that it could not be terminated, except for cause, for six months after the effective date, and upon 30-days notice. The effective date was February 2, 2020.

14. Mr. Brueckner fully performed his obligation under the Agreement by posting the required number of posts and videos. For example, on March 9, 2020, Mr. Brueckner posted a video featuring Beam products. Mr. Yewdell, one of Beam's members and its Chief Sales Officer, texted Mr. Brueckner that the video was "perfect."

15. Beam made one $15,000 payment on or about March 19, 2020.

16. On March 17, 2020, Mr. Yewdell texted Mr. Brueckner to "hold off" on posting a video. Mr. Yewdell stated that he was "sorry about the abrupt stop here but everything with this virus has put us on hold here." Russell Saks, another member of Beam and its CEO, and Mr.

Yewdell spoke to Mr. Brueckner's agent, Jake Rosen, on March 27, 2020, and explained that the agreement was being terminated because the company was in severe financial distress because of the coronavirus emergency and the company was just trying to "keep the lights on."

17. In reality, Bean continued to hire new influencers and continued to spend significant sums for marketing on various platforms including Facebook.

18. On April 15, 2020, Mr. Brueckner's counsel wrote to Beam demanding payment on the contract. At that point, for the first time, Beam alleged that Mr. Brueckner had breached the agreement. Beam produced a letter it claimed it had sent Mr. Brueckner providing notice of breach. The letter, however, had never been received by Mr. Brueckner and appeared highly irregular, not even being on company stationery.

19. Even after terminating the Agreement, Beam continued to prominently display Mr. Brueckner's photograph on its website. Any consent on the part of Mr. Brueckner for the use of his photograph was necessarily terminated by Beam's termination of the Agreement.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

20. Plaintiff repeats and re-alleges the allegations contained in the proceeding paragraphs above as if fully set forth herein.

21. Plaintiff and Defendant signed an agreement under which Plaintiff would engage in certain specific promotional activities in exchange for monthly payments of $15,000.

22. Plaintiff performed all duties required of him under the agreement.

23. Defendant breached the agreement by terminating it in contravention of its termination provisions.

24.     Defendant owes Plaintiff six monthly payments or a total of $90,000.

## SECOND CLAIM FOR RELIEF
(Violation of N.Y. Civil Rights Law §51)

25.     Plaintiff repeats and re-alleges the allegations contained in the proceeding paragraphs above as if fully set forth herein.

26.     Defendant knowingly used Plaintiff's picture within New York State for purposes of trade without Plaintiff's consent in violation of New York Civil Rights Law §51.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.      Awarding Plaintiff compensatory damages in an amount of $90,000;

B.      Enjoining Defendant from using Plaintiff's likeness without his consent;

C.      Awarding Plaintiff compensatory damages arising from Defendant's unauthorized use of his photograph;

D.      Awarding Plaintiff exemplary damages for Defendant's knowing and intentional violation of N.Y. Civil Rights Law §51.

C.      Awarding Plaintiff interest;

D.      Awarding Plaintiff all costs of this action and reasonable attorneys' fees; and

E.      Granting Plaintiff such other relief as the Court deems appropriate and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: April 28, 2020
      New York, New York

                                  GISKAN SOLOTAROFF & ANDERSON LLP

                                          s/ Jason Solotaroff
                          By:    Jason L. Solotaroff
                                90 Broad Street 10th Floor
                                New York NY 10004
                                (212) 847-8315
                                jsolotaroff@gslawny.com

                                *Attorneys for Josh Brueckner*