Jason L. Solotaroff
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
646-964-9640
jsolotaroff@gslawny.com
*ATTORNEYS FOR PLAINTIFF*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH BRUECKNER <br><br> Plaintiff, <br><br> v. <br><br> YOU CAN BEAM LLC, <br><br> Defendant. | Civ. No. 1:20-cv-03323-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 6

    I.    THE SUMMARY JUDGMENT STANDARD ............................................................. 6

    II.    BRUECKNER IS ENTITLED TO SUMMARY JUDGMENT ON HIS BREACH OF CONTRACT CLAIM. ..................................................................................................... 7

    III.    BRUECKNER IS ENTITLED TO SUMMARY JUDGMENT DISMISSING BEAM'S COUNTERCLAIM FOR BREACH OF CONTRACT. ............................... 8

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Am. Railcar Indus. v. Gyansys, Inc.*, No. 14-cv-8533(JSR), 2017 U.S. Dist. LEXIS 227777, at
 *12 (S.D.N.Y. Nov. 13, 2017) .................................................................................................. 7

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................ 9

Great Am. Ins. Co. v. Zelik, No. 19-cv-1805 (JSR), 2020 U.S. Dist. LEXIS 5229, at *6
 (S.D.N.Y. Jan. 3, 2020) ............................................................................................................. 6

*Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) ............................................ 6

*Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 69 (2d Cir. 2001) ................................................... 6

**Other Authorities**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 6

Plaintiff Josh Brueckner respectfully submits this memorandum of law in support of his motion for summary judgment on his breach of contract claim and on Defendant You Can Beam LLC's ("Beam") counterclaim for breach of contract.[1]

This is a simple case.

In December 2019, Mr. Brueckner, a mixed martial arts athlete and social media influencer, contracted with Beam to promote Beam's nutritional supplements business, which Beam was launching at that time, to his millions of social media followers. The terms of the agreement were that Beam would pay Mr. Brueckner $15,000 per month plus commission to post a certain number of Beam related items on his social media accounts. The agreement could not be cancelled by Beam for six months and then only on 30 days' notice. Accordingly, Beam was obligated to make at least seven payments or $105,000.

The business was launched, and Mr. Brueckner began promoting the Beam products in early March 2020. Later in March, after Mr. Brueckner had made several posts promoting Beam and had received one month's payment, Beam asked him to hold off on posting because of the COVID situation. Beam's representatives also later spoke with Mr. Brueckner's manager. During that conversation, which was recorded, Beam's representatives explained that they could no longer fulfill their contractual obligations because of economic difficulty brought on by COVID and they were just trying "to keep the lights on." They offered Mr. Brueckner an alternative arrangement under which Mr. Brueckner would only receive compensation based on

---

[1] Mr. Brueckner also brought a claim for violation of N.Y. Civil Rights Law §51 based on Beam's continued use of his likeness after it terminated the Agreement. In the interest of judicial efficiency, Mr. Brueckner withdraws that claim.

1

products purchased by his followers. There was no mention of any breach on Mr. Brueckner's part.

In this action, Beam claimed that Mr. Brueckner breached the agreement by failing to include a Beam web link and coupon code in the descriptions of his YouTube videos and that Beam had provided the required notice to cure on February 28, 2020 – **prior to the launch of the business or Mr. Brueckner posting of any videos or other content.** In discovery, Beam provided a copy of the alleged notice as well as a screenshot purportedly showing the notice was sent by FedEx to Mr. Brueckner and received on March 2, 2020. The screenshot, however, shows that the delivery was to Clinton Township, Michigan – not to Mr. Brueckner's address in Romeo, Michigan, where Mr. Brueckner lived at all relevant times and which is the address listed in the agreement. The fact that notice of breach was allegedly sent prior to Mr. Brueckner even beginning to perform under the agreement and Beam's proof of the notice shows delivery to a different address shows that it is a sham – that the notice of breach was never sent at all and represents an after the fact attempt to justify Beam's breach of the agreement.

It is, accordingly, undisputed that Beam breached the agreement by terminating it without providing Mr. Brueckner with the required notice to cure, even assuming Mr. Brueckner was in breach. Summary judgment should be entered for Mr. Brueckner in the amount of $90,000 plus interest. In addition, summary judgment should be granted against Beam on its counterclaim for breach of contract, which is premised on the same sham notice.

## STATEMENT OF FACTS

Plaintiff Josh Brueckner is a professional mixed martial arts athlete and a social media influencer who earns money by promoting producers and services to his approximate 2.76

million YouTube and 734,000 Instagram followers.[2] Mr. Brueckner is represented in his social media influencer business by Jake Rosen of Jake Rosen Entertainment.[3]

In or about December of 2019, Defendant You Can Beam LLC ("Beam") approached Mr. Rosen, about an arrangement under which Mr. Brueckner would promote Beam's nutritional supplements, a business Beam was planning to launch. An Independent Contractor Agreement ("Agreement") was negotiated and executed in December 2019.

The Agreement contained the following relevant provisions:

a. 12-month initial term;
b. Beam is able to terminate without cause after six months on 30 days' notice;
c. Beam can terminate immediately "if Contractor refuses to or is unable to perform the Services or is in breach of any material provision of this Agreement and fails to cure such refusal, failure or breach within ten (10) days of notice by the Company;"
d. Notice to be made by email or by overnight delivery to the address specified in the agreement;
e. Brueckner is required to make a specified number of social media postings following certain guidelines;
f. Payment to Brueckner by Beam of $15,000 per month plus commissions on sales attributable to Brueckner.
g. New York law governs the Agreement. [4]

The Agreement specified Brueckner's address was in Romeo, Michigan.[5]

Based on instructions by Beam, the term of the Agreement did not begin until February 2020.[6] The business did not launch until March 4, 2020, when Mr. Brueckner began promoting the products.[7] Beam made one $15,000 payment to Brueckner on or about March 19, 2020.[8]

---

[2] Declaration of Josh Brueckner ("Brueckner Dec.") ¶ 2; Plaintiff's Rule 56.1 Statement ("Pltf. R. 56 Stmt.") ¶1.
[3] Brueckner Dec. ¶ 3; Declaration of Jake Rosen ("Rosen Dec.") ¶2-3; Pltf. R. 56 Stmt.¶2.
[4] Brueckner Dec. ¶4; Pltf. R. 56 Stmt. ¶3.
[5] Brueckner Dec ¶ 11; Pltf. R. 56 Stmt. ¶4.
[6] Brueckner Dec. ¶5; Pltf. R. 56 Stmt. ¶5.
[7] Brueckner Dec. ¶6; Pltf. R. 56 Stmt. ¶7.
[8] Brueckner Dec. ¶ 5; Pltf. R. 56 Stmt. ¶6.

On March 6, 2020, Brueckner had an email exchange with Michael Yewdell, the Chief Sales Officer for Beam, outlining the videos planned for March 2020.[9] In that exchange, Mr. Yewdell praised Mr. Brueckner's performance, stating that Beam "[a]ppreciate[d] all of the support on the launch [of the new Beam product]" and that Mr. Brueckner "had an incredible 2,000 people visit the site."[10] Mr. Yewdell also stated "[a]s a reminder, if you could please add your BEAM link and coupon code to all youtube videos moving forward, thank you."[11]

On March 9, 2020, Brueckner posted a video featuring Beam products.[12] Michael Yewdell, one of Beam's members and its Chief Sales Officer, texted Brueckner that he was "so easy to work with" and "the video was "perfect."[13]

On March 9, 2020, Brueckner's manager, Jake Rosen, received a text from Michael Yewdell, Beam's Chief Sales Officer in which Yewdell stated that Beam "want[s] to make sure all their videos from the start of the agreement have our link and coupon code in the description."[14]

On March 11, 2020, Brueckner posted a YouTube video which contained in the description Beam's link and coupon code.[15]

On March 17, 2020, the next time Mr. Brueckner was scheduled to post, Mr. Yewdell texted Brueckner to "hold off" on posting.[16] Mr. Yewdell stated that he was "sorry about the abrupt stop here but everything with this virus has put us on hold here."[17] On March 27, 2020,

---

[9] Brueckner Dec. ¶ 7; Pltf. R. 56 Stmt.¶8.
[10] Id.
[11] Id.
[12] Brueckner Dec. ¶ 8; Pltf. R. 56 Stmt. ¶9.
[13] Id.
[14] Rosen Dec. ¶ 7; Pltf. R. 56 Stmt. ¶10.
[15] Brueckner Dec. ¶ 9; Pltf. R. 56 Stmt.¶11.
[16] Brueckner Dec. ¶10; Pltf. R. 56 Stmt. ¶12.
[17] Id.

4

Mr. Rosen spoke with Mr. Yewdell and Russell Saks, another member of Beam and its CEO. Rosen recorded the conversation.[18] During the conversation, both Yewdell and Saks explained that the agreement was being terminated because the company was in severe financial distress, apparently because of the coronavirus emergency and the company was just trying to "keep the lights on."[19] There was no mention of Mr. Brueckner's failure to include the Beam link and discount codes on the videos during the conversation or any breach on the part of Mr. Brueckner.[20]

In discovery in this action, Beam produced documents that purportedly show that on February 28, 2020, prior to Mr. Brueckner posting any content relating to Beam, Beam provided Mr. Brueckner notice that he was in breach of the Agreement.[21] These include a letter stating that Mr. Brueckner was in breach because he failed to include Beam's link and discount code in the description field of his YouTube videos,[22] and a screenshot from the FedEx website indicating a package was delivered to Clinton Township, Michigan on March 2, 2020.[23]

This evidence was clearly constructed after the fact by Beam. First, Mr. Brueckner never received this letter.[24] Second, it makes no sense that Beam would send notice of breach prior to Mr. Brueckner posting any videos or other content. Third, the Beam representatives never mentioned the alleged breach in any of their contemporaneous communications including in the conversation in which they told Mr. Rosen they could no longer pay Mr. Brueckner. Fourth, and finally, even though Beam communicated with Mr. Brueckner by text and email throughout this

---

[18] Rosen Dec. ¶ 9; 56.1 Statement at ¶13.
[19] Rosen Dec. at ¶ 10; 56.1 Statement at ¶14.
[20] Id.
[21] Declaration of Jason L. Solotaroff ("Solotaroff Dec") ¶ 2-3; Pltf. R. 56 Stmt. ¶16.
[22] Solotaroff Dec. ¶ 2-3; Pltf. R. 56 Stmt. ¶18.
[23] Id.
[24] Brueckner Dec. ¶ 11; Pltf. R. 56 Stmt. ¶15.

period, the purported notice of breach was not sent by these means. Instead, Beam relies on a purported FedEx delivery evidenced by a FedEx screenshot showing delivery to Clinton Township, Michigan. Although Beam may have sent something to Clinton Township that was delivered to Clinton Township, it was not the notice of breach as Mr. Brueckner's address, specified in the Agreement, is 20 miles away in Romeo, Michigan.

On April 8, 2020, Beam sent Mr. Brueckner a notice terminating the Agreement.[25] Mr. Brueckner received that notice,[26] which according to the FedEx screenshot for that delivery, was sent to Romeo, Michigan where he lives.[27]

## ARGUMENT

I. THE SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") In the context of a summary judgment motion, a fact is material "if it might affect the outcome of the suit under the governing law," *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 69 (2d Cir. 2001) (internal cite omitted), and a genuine issue of fact is one where the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993). As this Court has held, "[s]ummary judgment is proper when, after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Great Am. Ins. Co. v. Zelik, No. 19-cv-1805 (JSR), 2020 U.S. Dist. LEXIS 5229, at *6 (S.D.N.Y. Jan. 3, 2020) (internal cite omitted).

---

[25] Brueckner Dec. ¶ 12; Pltf. R. 56 Stmt. ¶18.
[26] Id.
[27] Solotaroff Dec. ¶4; Pltf. R. 56 Stmt. ¶18.

6

## II. BRUECKNER IS ENTITLED TO SUMMARY JUDGMENT ON HIS BREACH OF CONTRACT CLAIM.

As this Court has noted, under New York law, the elements of a breach of contract are: "(1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." *Am. Railcar Indus. v. Gyansys, Inc.*, No. 14-cv-8533(JSR), 2017 U.S. Dist. LEXIS 227777, at *12 (S.D.N.Y. Nov. 13, 2017).

Here, there is no issue as to any of these elements. There is no dispute that Mr. Brueckner and Beam entered into the Agreement. There can also be no dispute that there was adequate performance of the contract. Beam's representatives praised Mr. Brueckner saying that he was "easy to work with" and that at least one of the videos was "perfect." Significantly, when Beam's representatives told Mr. Brueckner's manager Jake Rosen that they could no longer make payments, they did not raise any issue with Mr. Brueckner's performance of the contract.

Finally, it is clear that Beam breached the Agreement by informing Mr. Rosen on March 27, 2020 that it would no longer pay Mr. Brueckner and by sending him notice of termination on April 8, 2020.

The Agreement only permitted Beam to terminate the agreement within six months if Mr. Brueckner was "in breach of any material provision of this Agreement and fails to cure such refusal, failure or breach within ten (10) days of notice by the Company." Given Beam's contemporaneous statements that it was satisfied with Mr. Brueckner's performance and that the comments concerning the failure to include the link and coupon code were phrased as reminders, Beam cannot seriously contend that Mr. Brueckner was in breach of the Agreement.

However, even if Mr. Brueckner was in breach, the evidence is conclusive that Beam did not provide notice of that breach. None of the contemporaneous exchanges between the parties mentioned a breach. Beam's evidence that it did provide notice was clearly created after the fact.

7

Beam would not have sent a notice on February 28th before Mr. Brueckner had even posted any videos involving Beam products. Rather, it seems that Beam chose that date later because it happened to have a FedEx tracking record showing that it had sent something somewhere in Michigan that was received on March 2nd. Of course, what renders Beam's evidence completely false is that the tracking screenshot shows the delivery to a different city in Michigan than the one in which Mr. Brueckner lives. Rejecting this evidence, there is no evidence that Beam provided notice and an opportunity to cure.

There is also no dispute as to Mr. Brueckner's damages. The minimum term of the Agreement was for six months and there was a 30-day's notice provision. Accordingly, Beam was obligated to pay a minimum of seven months of $15,000 payments or $105,000. Giving Beam credit for the one $15,000 payment it made, Mr. Brueckner is owed $90,000 plus interest.

Mr. Brueckner is entitled to summary judgment on his breach of contract claim in that amount.

   III.  BRUECKNER IS ENTITLED TO SUMMARY JUDGMENT DISMISSING BEAM'S COUNTERCLAIM FOR BREACH OF CONTRACT.

In its counterclaim, Beam claims Brueckner breached the Agreement by failing to include the Beam link and discount code in his YouTube videos, after receiving notice of the breach, and that it was damaged "in a number of ways, including the lost opportunity during its period of involvement with Plaintiff to utilize other social influencers who would have properly fulfilled their obligations to the benefits of Defendant."

The counterclaim fails. First, there is undisputed evidence that Mr. Brueckner did include the link and discount code in the one video he posted after being reminded to do so, as set forth above. Second, Beam is required to establish its own adequate performance of the Agreement in

order to establish a breach. Given the overwhelming evidence that Beam did not actually provide Mr. Brueckner notice of breach prior to termination, as it was obligated to do, it cannot show evidence of its own performance. Third, Beam did not plausibly demonstrate its damages arising from the breach in the requisite non-conclusory way as required by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Beam did not allege any facts showing that it had other opportunities to utilize other influencers or that those other influencers would have provided revenue beyond that produced by Mr. Brueckner in the one month of his engagement. Indeed, Beam's claims of property in the March 27 meeting with Mr. Rosen make it remarkably unplausible that it could have retained other influencers during that period.

## CONCLUSION

The motion for summary judgment should be granted on Mr. Brueckner's claims and judgment should be entered for Mr. Brueckner in the amount of $90,000 plus interest. Beam's counterclaim should be dismissed.

Dated: February 12, 2021
New York, New York

Respectfully submitted,

/s
_____
Jason L. Solotaroff
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
646-964-9640
jsolotaroff@gslawny.com

*ATTORNEYS FOR PLAINTIFF*