UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSH BRUECKNER,

    Plaintiff,

-against-

YOU CAN BEAM LLC,

    Defendant.

20-cv-3323 (JSR)

MEMORANDUM & ORDER

JED S. RAKOFF, U.S.D.J.

This case arises from an Independent Contractor Agreement (the "Agreement") entered into between plaintiff Josh Brueckner, a mixed martial arts "influencer" and defendant You Can Beam LLC ("Beam"), a nutritional supplements company. Under the terms of the Agreement, Brueckner was required to post promotional social media content that included links to, and coupon codes for, a line of Beam products. If Brueckner failed to meet these requirements and did not cure that failure within ten days of receiving notice of breach, Beam could terminate the Agreement immediately. Beam terminated the Agreement in April 2020.

1

Brueckner then sued Beam for breach of contract,[1] arguing that Beam breached the contract by terminating the Agreement before the end of its initial term without providing notice. Beam claimed that Brueckner was in default as early as February 28, 2020, received notice of the default on March 2, 2020, and failed to cure the default. Following discovery, Brueckner moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). After careful consideration, the Court hereby grants plaintiff's motion for summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

I. <u>Factual Background</u>

The following facts are either undisputed or, where disputed, taken most favorably to the defendant. Josh Brueckner is a professional mixed martial arts athlete and what he terms a social media influencer. Pl. Rule 56.1 Statement, ECF No. 20, at ¶ 1; Def. Rule 56.1 Resp., ECF No. 21, ¶ 1. You Can Beam LLC, a nutritional supplements company, contacted Brueckner's manager Jake Rosen to discuss an arrangement under which Brueckner would promote Beam's new product line. Decl. of Michael Yewdell, ECF No. 19 ("Yewdell Declaration"), at ¶ 3. Brueckner and Beam entered

---

[1] The Complaint also claimed that Beam continued to use Brueckner's likeness without authorization in violation of N.Y. Civil Rights Law § 51, but Brueckner withdrew this claim upon moving for summary judgment. Mot. Summ. J., ECF No. 14, at 1 n.1.

2

into an Independent Contractor Agreement in December 2019. ECF No. 20, at ¶ 3; ECF No. 21, at ¶ 3.

A. The Agreement

Under the terms of the Agreement, Brueckner would post (i) at least six promotional Instagram posts a year about Beam's nutritional supplements, (ii) at least one Instagram story per week mentioning a Beam product, and (iii) at least one YouTube video a month on Brueckner's YouTube channel, including Brueckner's coupon code and a link to the You Can Beam website in any YouTube videos. See ECF No. 15-1, Ex. A ("Agreement"), at 7. Brueckner was required to include a link and coupon code in the description box of his YouTube videos even when Beam products were not mentioned. Id. In exchange, Brueckner would receive a fixed monthly retainer of $15,000 and a commission of $4 per unit sold using Brueckner's coupon code or link. Id. at 8.

The initial term of the agreement was one year, but Beam could terminate the agreement after six months if Beam gave Brueckner "not less than thirty (30) days prior written notice." Id. at § 13. If Brueckner was unwilling or unable to perform, or breached a material provision of the Agreement, Beam could "terminate this Agreement immediately" if Brueckner "fail[ed] to cure such refusal, failure or breach within ten (10) days of notice." Id. at § 13.

3

"All notices" made under the Agreement were to be made "in writing" and "sent to the respective parties at their address as set forth on the signature page or to such e-mail address or mailing address as subsequently modified by written notice given in accordance with [the Agreement's notice provision]." Id. at § 21. The address Brueckner provided on the signature page of the Agreement is in Romeo, Michigan. Id. at 6; see also ECF No. 21, at ¶ 17. Notices under the Agreement are "deemed effectively given upon the earlier of actual receipt or . . . one (1) business day after deposit with a nationally recognized overnight courier, freight prepaid, specifying next day business delivery, with written verification of receipt." Agreement § 21.

B. Beam's Launch, Performance under the Agreement, and Termination

The Agreement went into effect on or around February 1, 2020. See ECF No. 17 ("Solotaroff Declaration"), Ex. C (April 2020 Termination Letter); ECF No. 20, at ¶ 4. Beam made a FedEx delivery to an address in Clinton Township, Michigan on March 2, 2020. ECF No. 20, at ¶ 16; ECF No. 21, at ¶ 16; Solotaroff Decl., ECF No. 17, at ¶ 4, Ex. C-D. This item was delivered to an address

4

approximately 20 miles from the Romeo, Michigan mailing address provided in the signature line of the Agreement.[2]

On March 4, Beam posted on its Instagram account: "launching today at 1 pm eastern standard time #youcanbeam #beamazing." ECF No. 15 ("Brueckner Declaration"), Ex. B. Two days later, after Beam had launched its new line of nutritional products, Michael Yewdell, the Chief Sales Officer of Beam, sent Brueckner an email expressing "appreciati[on for] all of the support on the launch" and outlining a posting schedule for March 2020. See ECF No. 20, at ¶ 8; ECF No. 21, at ¶ 8; Brueckner Decl., Ex. C. Per the schedule, Brueckner was to post -- as relevant here -- an Instagram story on March 9, a YouTube video on March 11, and Instagram story on March 17. See id.; see also Brueckner Decl., Ex. C, at 2. In the email, Yewdell reminded Brueckner to "please add your BEAM link and coupon code to all youtube videos moving forward, thank you!" ECF No. 20, at ¶ 8; ECF No. 21, at ¶ 8; Brueckner Decl., Ex. C, at 3.

On March 9, Yewdell texted Brueckner offering guidance on language Brueckner could use in YouTube videos to better convert clicks into sales. ECF No. 20, at ¶ 9; ECF No. 21, at ¶ 9; Brueckner

---

[2] The Court takes judicial notice of the fact that Clinton Township and Romeo, Michigan are approximately 20 miles apart. See Google Maps, https://maps.google.com; see also Brisco v. Ercole, 565 F.3d 80, 83 n.2 (2d Cir. 2009) (taking judicial notice that two street addresses were less than a tenth of a mile apart).

5

Decl., Ex. D. Yewdell also texted Brueckner's manager on March 9 with a reminder that Brueckner should include the required link and coupon code in the description of YouTube videos. ECF No. 20, at ¶ 10; ECF No. 21, at ¶ 10; Rosen Decl., ECF No. 16, Ex. A. That same day, Brueckner posted an Instagram story as scheduled, and Yewdell offered the following feedback: "Just watched – perfect." ECF No. 20, at ¶ 9; ECF No. 21, at ¶ 9; Brueckner Decl., Ex. D. On March 11, Brueckner posted a YouTube video including a Beam coupon code and link, as required. ECF No. 20, at ¶ 11; ECF No. 21, at ¶ 11; Brueckner Decl., Ex. E.

Brueckner texted Yewdell on March 17 to confirm that he should post a promotional Instagram story as scheduled. ECF No. 20, at ¶ 12; ECF No. 21, at ¶ 12; Brueckner Decl., Ex. D. Yewdell asked Brueckner to "hold off for the time being," adding that, because of COVID-19 restrictions, "everything with this virus has put us on hold unfortunately." Id. Two days later, Beam paid Brueckner $15,000. ECF No. 20, at ¶ 6; ECF No. 21, at ¶ 6. On May 27, 2020, Brueckner's manager spoke on the phone with Beam's CEO Russell Saks, its cofounders, and another member of the Beam team about the Agreement. ECF No. 20, at ¶ 14; ECF No. 21, at ¶ 14.

Brueckner received a termination letter from Saks dated April 8, 2020 at the Romeo, Michigan address listed on the signature page of the Agreement. ECF No. 20, at ¶ 18; ECF No. 21, at ¶ 18; Brueckner Decl., Ex. G.

II. Procedural Background

Brueckner sued Beam for breach of contract on April 28, 2020, alleging that Beam breached the Agreement "by terminating it in contravention of its termination provisions." See Compl., ECF No. 2, at ¶ 20. Beam then counterclaimed for breach of contract on August 20, 2020. See Am. Ans., ECF No. 9. Beam claims Brueckner breached the Agreement by failing to consistently include a Beam coupon code and link in his YouTube videos after the Agreement went into effect. Beam further claims that the FedEx parcel delivered to Clinton Township, Michigan on March 2, 2020 was a notice of breach letter dated February 28, 2020. See Solotaroff Decl., ECF No. 17, Ex. A-B. The February 28 letter stated that Brueckner was "currently in breach" of the Agreement and informed him that "[i]t is vital that your link and discount code be present in the description box of all YouTube videos." Id. at Ex. A.

LEGAL STANDARD

A movant is entitled to summary judgment when the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Coyle v. United States, 954 F.3d 146, 148 (2d Cir. 2020) (quoting Fed. R. Civ. P. 56(a)). If a movant establishes that there are no genuine issues of material fact as to its prima facie case, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S.

7

242, 248 (U.S. 1986) (internal quotation marks omitted). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Courts must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party, but the nonmovant cannot overcome a motion for summary judgment by relying upon "mere speculation or conjecture as to the true nature of the facts." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). "Genuine issues of material fact cannot be created by mere conclusory allegations." Blue Angel Films v. First Look Studios, Inc., 2010 WL 11591631, at *3 (S.D.N.Y. Sept. 29, 2010). "If the evidence [favoring the nonmoving party] is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

ANALYSIS

I. Brueckner's Breach of Contract Claim

The parties do not dispute the existence of a valid and binding agreement, nor do they dispute the basis for Brueckner's damages in the event of breach. See AEP Energy Servs. Gas Holding Co. v. Bank of Am., 626 F.3d 699, 740 (2d Cir. 2010) ("[C]ourts do routinely award damages that are readily calculable based on the undisputed facts on summary judgment."). The contract called for Beam to pay Brueckner $15,000 a month until the end of the

contract's term. ECF No. 20, at ¶ 3; ECF No. 21, at ¶ 3; Agreement, Ex. B. The Agreement's minimum term was six months, at which point Beam could terminate the Agreement by giving 30 days' notice. ECF No. 20, at ¶ 3; ECF No. 21, at ¶ 3. Brueckner received one month's payment under the contract. ECF No. 20, at ¶ 6; ECF No. 21, at ¶ 6. Unless the contract was properly terminated, then, Brueckner was entitled to an additional $75,000 for the remaining five months of the term. Thus, the appropriateness of summary judgment turns on whether Beam breached the Agreement by departing from its notice of termination provisions.

When a contract's terms include a procedure for termination, here applicable New York law demands strict compliance with that procedure. See Gen. Supply & Constr. Co. v. Goelet, 148 N.E. 778, 779 (N.Y. 1925) (holding that, despite a property owner's potentially justified belief that a building contractor was in breach, the owner could not rescind the contract "except according to its terms," the termination of the contract "without the required previous notice . . . was wrongful," and the contractor could recover damages for the reasonable value of his work); Plumbing v. Bd. of Educ. Thousand Islands Cent. Sch. Dist., 108 N.Y.S.3d 107, 109 (4th Dep't 2019); O'Brien & Gere, Inc. of N. Am. v. G.M. McCrossin, Inc., 52 N.Y.S.3d 593 (4th Dep't 2017). Even when one party to a contract is in breach, the other party's failure to comply with the contract's notice of termination

provisions is itself an actionable breach of contract. See Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 518 (2d Cir. 1989); Bausch & Lomb Inc. v. Bressler, 977 F.2d 720, 726-27 (2d Cir. 1992) (affirming a grant of summary judgment on Bausch & Lomb's breach of contract claim, because even if Bausch & Lomb improperly self-manufactured Sonomed's products, "Sonomed committed a material breach by terminating the Agreement . . . in contravention of [the contract's] notice period").

A. Brueckner's Prima Facie Case

Summary judgment is appropriate in a breach of contract case when the contract's language is unambiguous and reasonable people could not disagree about its meaning. See, e.g., Fulton Cogeneration Assocs. v. Niagara Mohawk Power Corp., 84 F.3d 91, 98 (2d Cir. 1996). This is such a case.

The Agreement sets forth the following termination procedure. The Agreement provides that "The Company [Beam] may terminate this Agreement after six (6) months upon giving not less than thirty (30) days prior written notice." Agreement § 13. But if Brueckner "refuses to or is unable to perform the Services or is in breach of any material provision of this Agreement and fails to cure such refusal, failure or breach within ten (10) days of notice," Beam may "terminate this Agreement immediately." Id. at § 13. "All notices and other communications given or made pursuant to this Agreement shall be in writing" and "shall be sent to the respective

parties at their addresses as set forth on the signature page or to such email address or mailing address as subsequently modified by written notice given in accordance with this Section." Id. at § 21. Thus, to terminate the Agreement before the end of the six-month term because of Brueckner's alleged failure to include product links and coupon codes in all YouTube videos, Beam needed to first send written notice to Brueckner's address on the signature page of the Agreement -- the Romeo, Michigan address -- or to another mailing address Brueckner had provided to Beam in writing. Only if Brueckner failed to cure the breach within ten days of written notice could Beam terminate the Agreement.

Brueckner has provided uncontroverted evidence that the mailing address on the signature page of the Agreement was in Romeo, Michigan. See Agreement at 6; see also ECF No. 20, at ¶ 17; ECF No. 21, at ¶ 17. It is similarly undisputed that Beam did not send the notice of breach dated February 28, 2020 to the Romeo, Michigan address. ECF No. 20, at ¶ 16; ECF No. 21, at ¶ 16. Brueckner states in a sworn declaration that he did not provide Beam with any other mailing address. Supp. Brueckner Decl., ECF No. 23, at ¶ 2; see also ECF No. 24, at ¶ 2. As an initial matter, Brueckner has established that the contract language at issue here unambiguously required written notice of default to be delivered to him at an address in Romeo, Michigan.

11

Further, even assuming arguendo that Brueckner breached the Agreement and that Beam provided proper notice of breach to a proper alternative address on March 2, 2020,[3] Brueckner has produced undisputed evidence that he cured any breach within ten days -- that is, by March 12, 2020. Beam does not dispute that Brueckner adhered to the March 2020 posting requirements by posting an Instagram story featuring Beam products on March 9 and a YouTube video with a Beam link and coupon code on March 11. ECF No. 20, at ¶ 9, 11; ECF No. 21, at ¶ 9, 11. Nor does Beam dispute that Brueckner was instructed to stop all posts under the Agreement on March 17, the date of the next scheduled post. ECF No. 20, at ¶ 12; ECF No. 21, at ¶ 12. Because Brueckner cured the claimed breach (failure to include a coupon code and product link in the description box of his YouTube videos) by March 12, Beam could not terminate the Agreement.

B. Beam's Burden to Raise Genuine Issue of Material Fact

The burden therefore shifts to Beam, which offers three potential issues of material fact purportedly precluding summary judgment: (1) whether Brueckner was in breach of the agreement, (2) whether the Agreement required written notice of breach, and (3) whether Beam provided adequate notice of breach by sending a

---

[3] Monday, March 2, 2020 is both the date of actual receipt and one business day after Friday, February 28, 2020, and so under the contract terms, notice is "deemed effectively given" on this date. See Agreement § 21.

12

February 28, 2020 letter to an alternative address in Clinton Township, Michigan. See ECF No. 21, at 2-3. Even viewing all facts in the light most favorable to Beam, the Court finds no genuine issue of material fact precluding summary judgment in plaintiff's favor.

First, Brueckner's purported breach of the Agreement does not foreclose his claim for breach of the termination provisions of the Agreement. When a plaintiff sues for breach of a contract's termination provisions, whether "good cause existed for the termination because [the plaintiff] breached . . . is beside the point." Morris v. Lee, 2011 WL 721663, at *4 (S.D.N.Y. 2011) (citing Gen. Supply & Constr. Co., 241 N.Y. at 34). Instead, the key inquiry is whether the terminating party followed the termination process it agreed to.

Second, Beam asserts that the Agreement does not require written notice and that Beam properly "g[ave] notice in multiple telephone conversations," ECF No. 21, at 2. The adequacy of this approach is refuted by the clear language of the Agreement itself. By the contract's plain terms, "[a]ll notices and other

13

communications given or made pursuant to [the] Agreement shall be in writing." Agreement § 21.[4]

Third, Beam argues that it properly provided written notice to an alternate address provided by Brueckner. In support of their argument, Beam offers a declaration by Beam CEO Russell Saks that states that Saks was "provided with multiple addresses at which we could contact [Brueckner]" and that "[a]ll correspondence wit[h] [Brueckner] was transmitted to the [Clinton Township] address shown in the receipt." Saks Decl., ECF No. 18, at ¶ 11-12.

This blanket assertion is undermined by the undisputed fact that Beam sent its subsequent April 2020 termination letter to Brueckner's Romeo, Michigan address, as set forth in the Agreement.

---

[4] Beam's failure to provide notice in conformance with the termination provision could be excused if providing the required notice and opportunity to cure would be futile. See Allbrand Discount Liquors, Inc. v. Times Square Stores Corp., 399 N.Y.S.2d 700, 701 (2d Dep't 1977) (holding that "[o]nce it becomes clear that one party will not live up to the contract, the aggrieved party is relieved from the performance of futile acts"), appeal denied, 376 N.E.2d 935 (1978); In re Best Payphones, Inc., 450 F. App'x 8, 11-12 (2d Cir. 2011). However, Beam neither argues futility, nor provides any evidence that Brueckner's conduct amounted to an unequivocal repudiation of the Agreement. See In re Best Payphones, Inc., 450 F. App'x at 12 (defendant could not show "an unequivocal repudiation such that notice would have been futile" when plaintiff invited further discussions about the conduct alleged to have breached the contract). Far from "expressly disavow[ing] any further duties under the contract at issue," see Bausch & Lomb Inc. v. Bressler, 977 F.2d 720, 728 (2d Cir. 1992), Brueckner continued to post material promoting Beam products on social media until explicitly told to "hold off." ECF No. 20, at ¶ 12; ECF No. 21, at ¶ 12; Brueckner Decl., Ex. D.

See ECF No. 20, ¶ 18; ECF No. 21, ¶ 18. More importantly, the declaration, even if credited, fails to establish that Brueckner modified his mailing address by written notice pursuant to paragraph 21 of the Agreement. Indeed, Beam has tellingly not produced any written notice from Brueckner changing his mailing address to an address in Clinton Township. (The Court also notes that a reasonable juror's credulity would be strained to find that on February 28, 2020, Beam notified Brueckner of Brueckner's failure to provide links to and coupon codes for a product line that had not yet even been launched. See ECF No. 20, at ¶ 8; ECF No. 21, at ¶ 8; Brueckner Decl., Ex. C.; Solotaroff Decl., ECF No. 17, Ex. A-B.)

Because Brueckner has adduced clear evidence that he should have received notice in Romeo, Michigan, and Beam has offered no satisfactory evidence to the contrary, the Court finds that Beam has failed to create a genuine dispute as to whether notice was properly given before termination.

II. Beam's Breach of Contract Counterclaim

A prima facie case for breach of contract requires a valid agreement, performance by one party, breach by the other, and damages flowing from the breach. First Inv'rs Corp. v. Liberty Mut. Ins. Corp., 152 F.3d 162, 168 (2d Cir. 1998). No genuine issue of material fact remains as to Beam's counterclaim for breach of contract, because Beam cannot establish its own adequate

performance under the Agreement. As discussed above, Beam breached the Agreement by failing to abide by its unambiguous notice and termination provisions. This is fatal to Beam's breach of contract counterclaim. See, e.g., Plumbing v. Bd. of Educ. Thousand Islands Cent. Sch. Dist., 108 N.Y.S.3d 107, 109 (4th Dep't 2019) (modifying lower court order to grant summary judgment for plaintiff and dismiss breach of contract counterclaim when "plaintiff met its initial burden of establishing that defendants failed to follow the termination for cause procedures in the contract").

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment finding Beam liable on Brueckner's breach of contract claim and dismisses Beam's breach of contract counterclaim. Brueckner should submit a proposed judgment by May 31, 2021, and Beam should file any objections to the proposed judgment by June 2, 2021.

SO ORDERED.

Dated: New York, NY
May 27, 2021

JED S. RAKOFF, U.S.D.J.